FILED ✓   LODGED ___
RECEIVED ___   COPY ___

SEP 2 0 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

Sol Jaffe
1350 West Van Buren #1038
Phoenix, Arizona  85007
(602) 277-9300
Plaintiff in Pro Per

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOL JAFFE, PLAINTIFF ) | Case No.  **CIV '11 1839 PHX  NB** |
| ) | |
| VS. ) | COMPLAINT AGAINST EACH |
| HSBC NORTH AMERICAN ) | AND EVERY DEFENDANT FOR |
| HOLDINGS, INC.; CAPITAL ) | FCRA (15 USCA 1681 et al) VIOLATIONS |
| ONE FINANCIAL CORPOR- ) | AND TORT ACTIONS |
| ATION; BANK OF AMERICA) | AND FDCPA (15 USCA 1692 et al) VIOLATIONS |
| NA; JPMORGAN CHASE ) | PORTFOLIO RECOVERY ASSOCIATES, LLC |
| BANK NA; JEFFERSON; ) | MIDLAND CREDIT MANAGEMENT, INC ONLY |
| CAPITAL SYSTEMS, LLC; ) | |
| MERRICK BANK CORPORA- ) | |
| TION; MIDLAND CREDIT ) | |
| MANAGEMENT, INC; ) | (JURY TRIAL REQUESTED) |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC; ) | |
| QWEST COMMUNICATIONS ) | |
| COMPANY, LLC;  WEST ) | |
| ASSET MANAGEMENT, INC.; ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC ) | |

PLAINTIFF, SOL JAFFE (JAFFE) alleges for his claims against the aforementioned

DEFENDANTS as follows:

### EVENTS JURISDICTION

All events in this complaint took place within the STATE of ARIZONA and the

COUNTY of MARICOPA.

### PARTIES JURISDICTION

1.  PLAINTIFF SOL JAFFE resides at 1350 West Van Buren, #1038, Phoenix, AZ.

    85007. HEREIN after referred to as JAFFE.

NAMED DEFENDANTS ARE AS FOLLOWS:

2. HSBC NORTH AMERICA HOLDINGS, INC. is a Delaware Corporation that controls all subsidiaries involved in this complaint (HSBC BANK, HSBC BANK NEVADA, HSBC CREDIT CARD SERVICES et al) located at 26525 North Delaware Blvd, Mettawa, Illinois 60045 (herein after referred to as HSBC); and its agent for service is The Corporation Trust Company, 1209 Orange street, Wilmington, DE. 19801. Phone 302-658-7581.

3. CAPITAL ONE FINANCIAL CORPORATION is a Delaware Corporation that controls all subsidiaries involved in this complaint (CAPITAL ONE, CAPITAL ONE BANK NA et al) is located at 1680 Capital One Drive, McLean, VA. 22102 ( herein after referred to as CAPITAL ONE); and its agent for service is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808. Phone -302-636-5401.

4. BANK OF AMERICA, NA is located at 401 N Troy Street, Charlotte, NC 28255 herein after referred to as BANK OF AMERICA); phone 800-421-2110; and its agent for service is CT Corporation System, 2340 East Camelback Road., and Phoenix, AZ 85016.

5. JPMORGAN CHASE BANK, NA is located at 4 New York Plaza, 19th floor, NY, NY 1004 (herein after referred to as CHASE); phone 800-955-9900; and its agent for service is CT Corporation System, 2340 East Camelback Road., Phoenix, AZ 85016.

6. JEFFERSON CAPITAL SYSTEMS, LLC is located at 16 Mcleland Rd., St Cloud, MN. 56303 (herein after referred to as JEFFERSON); phone unknown;

and its agent for service is LexisNexis Document Solutions, 2328 West Royal Palm Rd, Suite J, Phoenix, AZ 85021.

7. MERRICK BANK CORPORATION is located at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah. 84095 (herein after referred to as MERRICK); phone number 801-545-6600 and its agent for service is Brian W. Jones at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095.

8. MIDLAND CREDIT MANAGEMENT, INC. is located at 8875 Aero Dr., Suite 200, San Diego, CA. 92123 (herein after referred to as MIDLAND); phone number 888-403-4206; and its agent for service is Corporation Service Company, 2338 West Royal Palm Rd, Suite J, Phoenix, AZ 85021.

9. PORTFOLIO RECOVERY ASSOCIATES, LLC is located at 15 East North Street, Dover, DE 19901 (herein after referred to as PORTFOLIO); phone number 800-772-1413; and its agent for service is National Registered Agents, Inc., 638 North Fifth Ave., Phoenix, AZ 85003.

10. QWEST COMMUNICATIONS COMPANY, LLC is located at 1801 California, Street, Suite 5100, Denver, Colorado 80202 (herein after called QWEST); phone number 800-800-244-1111; and its agent for service is CT Corporation System, 2340 East Camelback Road., and Phoenix, AZ 85016.

11. WEST ASSET MANAGEMENT, INC. is located at 11808 Miracle Hills Dr., Omaha, NE. 68154 (hereinafter referred to as WEST); no phone number; and its agent for service is CSC-Lawyers Incorporation Service Company, 233 So. 13th street, Suite 1900, Lincoln, NE. 68508.

12. EXPERIAN INFORMATION SOLUTIONS, INC. is located at 475 Anton Blvd.,

   Costa Mesa, CA. 962626 (hereinafter referred to as EXPERIAN); phone number

   unknown; and its agent for service is CT Corporation System, 2340 East

   Camelback Road., and Phoenix, AZ 85016.

13. Does 1-100 is reserved for additional DEFENDANTS unidentified at this time.

### CODE JURISDICTION

16. This COURT has statutory jurisdiction under 15 USCA 1681 et al at and 15USCA

   1692 et al-e.g. This COURT shall have jurisdiction under civil actions arising from

   United States Code Violations. The TORT action portion of this is related to the

   same United States Code violations.

### COMPLAINT

### FACTS

17. JAFFE has just spent over two years with credit card litigation with HSBC and

   CAPITAL ONE and he has come to the conclusion that he owes nothing to them;

   and that they file lawsuits in the hope that no one shows up,  as they have no

   credible evidence to support their claims (a jury and the COURTS also agreed with

   JAFFE).JAFFE has filed a separate lawsuit in District COURT involving these

   matters.

18. Next, JAFFE was refused credit for a trip to California to see his children and his

   dead parents due to items listed on his CBR. Upon inspection of his CBR he

   notified EXPIRIAN that he knew nothing about these listings; and even if he could

   recall, and something was owed, the items listed would be outside of the Statute of

   Limitations; and therefore should be removed from his CBR. And that EXPERIAN

4

has listed fictitious names and addresses for JAFFE which he does not have; and
they should also be removed. After four months EXPERIAN has refused to remove
the items and/or view any documents that JAFFE has sent them. The creditors that
replied to JAFFE evidenced that JAFFE owed them nothing; and their claims were
similar to the claims that JAFFE was in litigation with. Please note the following:

A. HSBC has stated that they have a signed application for one credit card dating
back to 2005; and that they have charged off the  amount and will begin
sending new statements (if this makes any sense). Then they state that JAFFE
should contact Las Vegas, who happens to be a young housewife sitting at
home, who controls the billions of dollars of bad debt that was issued to un-
credit worthy persons; and at trial she stated that they had no records prior to
2004; as any records dated beyond this would be outside of the Statute of
Limitations. Did she commit perjury in the discovery process and/or trial? Or
does HSBC simply have no records to support their claims, again; and they
have simply charged off debt that was not JAFFE'S, and/or sold same, in
order to gain some tax or monetary advantage. JAFFE does not know, but he
believes that a series of adverse credit reports from HSBC should be removed
from his credit report.

B. CAPITAL ONE responded with a credit card statement for an account that
was involved in a lawsuit which was dismissed; and they state that they
would keep sending more statements for this account, which has no legal
standing. Obviously this makes no sense. They have simply charged off debt
that was not JAFFE'S, and/or sold same, in order to gain some tax or

monetary advantage. JAFFE does not know, but he believes that a series of adverse credit reports from CAPITAL ONE should be removed from his credit report.

C. BANK OF AMERICA had no response to JAFFE; and has stayed with their negative report items based upon something that JAFFE has no knowledge; but JAFFE believes that a series of adverse credit reports from BANK OF AMERICA should be removed from his credit report.

D. CHASE has responded with an application for a credit card dated in 2003; and supposedly this is what they have. They have simply charged off debt that was not JAFFE'S, and/or sold same, in order to gain some tax or monetary advantage. JAFFE does not know, but he believes that a series of adverse credit reports from CHASE should be removed from his credit report.

E. JEFFERSON had no response to JAFFE; and has stayed with their negative report items based upon something that JAFFE has no knowledge (Aspire Visa?); but JAFFE believes that a series of adverse credit reports from JEFFERSON should be removed from his credit report.

F. MERRICK had no response to JAFFE; and has stayed with their negative report items based upon something that JAFFE has no knowledge; but JAFFE believes that a series of adverse credit reports from MERRICK should be removed from his credit report.

G. MIDLAND, a collection agency, seems to have bought a credit card debt from CHASE; and has no verification that JAFFE owes anything on said card debt. And they are also sending collection letters based upon the disputed

debt, for which they have no documentary evidence for. JAFFE believes that

the adverse credit report from MIDLAND should be removed from his credit

report. And that MIDLAND should also be held liable under the FDCPA for

their collection efforts on disputed debts.

H. PORTFOLIO, a collection agency, seems to have bought credit card debt

from CAPITAL ONE and HSBC; and has no verification that JAFFE owes

anything on said card debts. And they are also sending collection letters based

upon the disputed debt, for which they have no documentary evidence for.

JAFFE believes that the adverse credit reports from PORTFOLIO should be

removed from his credit report. And that PORFOLIO should also be held

liable under the FDCPA for their collection efforts on disputed debts.

I.   QWEST has turned over a disputed debt to WEST for collections and JAFFE

just discovered this fact.  JAFFE has requested that the item be removed from

his credit report and they have attempted to do so by noting that the debt was

paid in full. JAFFE still has no knowledge of this transaction and QWEST

and WEST have provided no documentation for same. Thus it sits as a

negative item on his credit report with no verification for same.  JAFFE

believes that the adverse item on his credit report from QWEST/WEST

should be removed.

J. EXPERIAN has stated that it has conducted verifications of JAFFE'S

disputes and found them to be invalid. In some cases they have listed the

disputes; and in others they have not. They have refused to remove the

fictitious names for JAFFE from his credit report that allows disreputable

7

companies to place adverse reports on their files with no evidence that they

relate to JAFFE. When JAFFE sent the documentation from PORTFOLIO

noting their obviously defective claims (wrong person's name et al)

EXPERIAN notified JAFFE that they did not have to read any documents,

nor consider them in their investigation. In other words they believe that

Congress and ALL COURTS (some do) support their contention that they can

list disputed items on credit reports even if the evidence indicates that the

items listed are false. Hopefully this herein COURT is not one of those kind.

## FIRST CAUSE OF ACTION

### 15 USCA 1681 et al- FCRA VIOLATIONS-ALL DEFENDANTS

19. Plaintiff incorporates by reference paragraphs 1 thru 18 and all following

    paragraphs of this complaint as if fully set forth.

20. JAFFE is the claimed "consumer" within the meaning of 15 USCA 1681 et al.

21. Defendant EXPERIAN is a consumer reporting agency as defined by 15 USCA

    1681 et al. (FCRA).

22. All other Defendants are entities who furnish information to consumer reporting

    agencies under 15USCA 1681 et al. (FCRA)

23. Defendants willfully failed to comply with the requirements imposed under FCRA,

    including but not limited to:

    A. FAILURE to follow reasonable procedures to assure maximum possible

       accuracy of the information in consumer reports, as required by FCRA.

    B. FAILURE to comply with the reinvestigation requirements of the FCRA.

    C.  DEFENDANTS knew that they had no legal claims against JAFFE yet they refused to correct same; and thus, failed to to comply with the FCRA reporting requirements of same.

    D.  DEFENDANTS failed to respond to JAFFE'S disputes in manner required by the FCRA.

24. As a direct result of the DEFENDANTS' violations of the FCRA, Plaintiff was caused to suffer denial of credit, lost opportunity to receive credit, damage to his reputation, worry, fear, distress, frustration, embarrassment, and humiliation For damages requested see DAMAGE section following this section.

## SECOND CAUSE OF ACTION

## 15 USCA 1692 et al-FDCPA VIOLATIONS-PORFOLIO AND MIDLAND

## DEFENDANTS ONLY

25. Plaintiff incorporates by reference paragraphs 1 thru 24 and all following paragraphs of this complaint as if fully set forth.

26. JAFFE brings this action on behalf of himself for violations of the Fair Debt Collection Practices Act, 15 USCA 1692 et al (hereinafter "the FDCPA") against DEFENDANTS (PORTFOLIO and MIDLAND).

27. PORFOLIO and MIDLAND are engaged in the business of collecting debts in this state with its principal place of business located at foreign sites, as mentioned above. The principal purpose of the DEFENDANTS are the purchase and/or joint venturing and/or the collection of debts, and the DEFENDANTS regularly attempt to collect debts alleged to be due others.

28.  It is the practice and policy of defendant to cause collection letters to be sent to consumers in the United States, which use false, misleading or deceptive means to collect or attempt to collect debt.

29.  When JAFFE received collection letters from PORTFOLIO and MIDLAND and he immediately asked for documentary evidence that showed he owed any of the claimed debts. Both of the Defendants sent documents that evidenced that JAFFE did not owe said debts, as they did not have JAFFE'S name on them and/or there was nothing that evidenced that any contract existed between the parties in order to support any legal claim for said debts and/or they did not evidence that JAFFE had incurred said debts. They were invalid for the purposes of collections under the FDCPA.

30.  When JAFFE notified them as to the failure of their claims to support a legal debt they both refused to stop their collection efforts. This is an obvious violation of the FDCPA requirement for validation of the claims before sending collection letters and phone calls related to same. They simply refused to supply any evidence that JAFFE owed anything to them; and they continue to call and send letters demanding monies not due them (EXPERIAN is fully aware of this matter and they have refused to note same on their CBR).

31.  The DEFENDANTS continue to send JAFFE collection letters, which use false, misleading and deceptive means to collect or attempt to collect debts. All of which is a violation of the FDCPA. This is their normal course of business which has to be stopped by this herein COURT.

32. The collection letters falsely represent the character, amount, and legal status of any debt. This is a violation of the FDCPA.

33.  The defendant's acts as described above were done intentionally with the purpose of coercing plaintiff to pay the alleged debt.

34. As a direct result of the DEFENDANTS' violations of the FDCPA Plaintiff was caused to suffer damage to his reputation, worry, fear, distress, frustration, embarrassment, and humiliation. For damages requested see DAMAGE section following this section.

THIRD CAUSE OF ACTION
GROSS NEGLIGENCE-ALL DEFENDANTS

35. Plaintiff incorporates by reference paragraphs 1 thru 34 and all following paragraphs of this complaint as if fully set forth.

36.  At all material times the DEFENDANTS were, and are still, involved in the credit reporting and/or debt collections.  It is understood that the issues are not complicated. One either owes or does not owe a legal debt. If one owes a legal debt than the reporting of same and/or collections is permissible under LAW.   In this case the DEFENDANTS failed to properly present, when JAFFE requested, any documentation that a legal debt was owed; and EXPERIAN failed to review same. The investigations/re-investigations that they have claimed they had completed was obviously done in a grossly negligent manner. These actions were committed within this COURT'S jurisdiction.

37. At all material times, there existed an implied contractual relationship between the Parties.  The FCRA and FDCPA lay the ground work for said contract; and the DEFENDANTS violated same. JAFFE tried to alleviate all matters before litigation

began. But he failed. Written communications from JAFFE that evidenced that JAFFE owed no such debts, as claimed, fell upon deaf ears as they stated that their investigations/ re-investigations indicated otherwise. They failed to correct said reports and collection activities related to same. Obviously their investigative procedures are grossly negligent as they list debts that were previously adjudicated in JAFFE'S favor and/or debt that does not bear JAFFE'S name and/or documents that do not evidence any debts occurred.

38.  As a direct proximity result of the DEFENDANTS violations of JAFFE'S FCRA and FDCPA rights, and their grossly negligent investigative practices, JAFFE has suffered emotional and bodily injury; experienced severe pain and suffering, and a loss of capacity for the enjoyment of life; and incurred serious monetary damages; and he continues to incur damages for some time into the future.  For damages requested see DAMAGE section following this section.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF PHYSICAL AND EMOTIONAL DISTRESS

## AGAINST ALL DEFENDANTS

39. JAFFE re-alleges each and every allegation contained in paragraphs 1 thru 38 and all following paragraphs of this complaint as if fully set forth herein.

40.  The Defendants, on their own and through their agents and employees, engaged in the TORTS and violations of the FCRA and FDCPA, which are described in detail above and below; and the actions of the DEFENDANTS were intentionally and deliberately inflicted in order to cause JAFFE severe emotional and physical distress.  JAFFE alleges that such conduct was in a vile and reckless manner; in

total disregard of the probability of such conduct causing JAFFE severe emotional and physical distress. Can anyone believe that listing a debt that was had already was adjudicated in JAFFE'S favor and/or listing a debt without JAFFE'S name on the debt could be anything but intentional, vile and reckless and with malice..

41.  The foregoing conduct did in fact cause JAFFE to suffer extreme and severe emotional and physical distress. As approximate and direct result of such conduct, JAFFE suffered anxiety, sleeplessness, humiliation, emotional distress, pain and suffering of a physical; and JAFFE will continue to suffer severe emotional and physical distress.

42. The Defendants committed the acts alleged maliciously, fraudulently and oppressively, with the intention of injuring JAFFE; and acted with an improper and evil motive amounting to malice; and in total disregard of JAFFE'S rights as a human being protected under the FCRA and FDCPA.  **"All for a buck, in total disregard of the LAWS of this country" is/ was how the DEFENDANTS acted.** The acts, aforementioned, were done in a deliberate, cold, callous and intentional manner in order to injure and damage JAFFE in order to deny him his rights under the FCRA and FDCPA and/or convert monies.

43.  For damages requested see DAMAGES SECTION which follows.

## IN ALL CAUSES OF ACTION AS APPROPRIATE

1.  For all costs of suit incurred.

2.  For legal interest, to include pre-judgment amounts.

3.   Actual and Compensatory damages according to proof at time of trial

4.   Exemplary and Punitive damages according to proof at time of trial

5.   Statutory damages according to proof at time of trial

6.   Pain and suffering damages according to proof at time of trial

7.   For such other relief as the court deems fit.

8.   Declaratory relief as follows:

     A.  For all DEFENDANTS to remove all negative items from JAFFE'S credit reports that have no legal basis for same.

     B.  For all collection agencies to stop all collection efforts on any debts that have no legal basis for same.

     C.  For EXPERIAN to remove all fictitious names and addresses which do not belong to the JAFFE in this case.

REQUEST FOR JURY TRIAL

    A.  A request for jury trial is hereby requested.

This complaint is respectfully submitted by

9/20/11

Sol Jaffe
Plaintiff in pro per

I, Sol Jaffe, declare as follows:

I am the plaintiff in the above entitled action. I have read the above complaint and know its contents. The matters stated in the complaint are true of my own knowledge, except for those items which are alleged on my own information and belief; and as to those items, I believe them to be true. I, Sol Jaffe, declare under the penalty of perjury, under the laws of the United States of America and the State of Arizona, that the above is true and correct.

Executed on      9/20/11      Sol Jaffe

14